"both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149, 87 S.Ct. at 1515. In considering whether an issue is fit for review, "we look to see whether the issue 'is purely legal, whether consideration of the issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final.'" *Clean Air Implementation Project,* 150 F.3d at 1204 (D.C.Cir.1998) (quoting *Natural Res. Def. Council, Inc. v. EPA,* 22 F.3d 1125, 1133 (D.C.Cir.1994)). Of these three criteria, the third, at least, is not satisfied. The EPA is currently undertaking a rulemaking to amend section 70.6(c)(1) and 71.6(c)(1). Revisions To Clarify the Scope of Sufficiency Monitoring Requirements for Federal and State Operating Permits Programs, 67 Fed. Reg. 58,561 (proposed Sept. 17, 2002). It would be a waste of judicial resources for us to reach the merits of UARG's petition while the rulemaking is pending. *Ciba-Geigy Corp. v. EPA,* 801 F.2d 430, 436 (D.C.Cir. 1986) ("The interest in postponing review is powerful when the agency position is tentative. Judicial review [then] improperly intrudes into the agency's decision-making process. It also squanders judicial resources since the challenging party still enjoys an opportunity to convince the agency to change its mind.") (citing *Pub. Citizen Health Res. Group v. FDA,* 740 F.2d 21, 31 (D.C.Cir.1984); *Cont'l Air Lines, Inc. v. C.A.B.,* 522 F.2d 107, 125 (D.C.Cir.1974) (en banc)).

Finally, we note that UARG is not without remedies to address the present situation. At least until the ongoing rulemaking is complete, UARG, or one of its members, can seek relief from a regional circuit court *if* the EPA takes action affecting a permit pursuant to the challenged interpretation. For this reason, we find no hardship to the petitioner in withholding judicial review. 42 U.S.C. § 7607(b).

For the foregoing reasons, we dismiss the petition for review.

*So ordered.*

**APPALACHIAN POWER COMPANY, et al., Petitioners,**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

**Commonwealth of Pennsylvania, Department of Environmental Protection, et al., Intervenors.**

Nos. 99–1200, 99–1205, 99–1206, 99–1246, 99–1266, 99–1285, 99–1289, 99–1291 to 99–1293, 99–1295, 99–1299 to 99–1301, 99–1303, 99–1304, 99–1306, 99–1307, 00–1013, 00–1021, 00–1022, 00–1024, 00–1038, 00–1042, 00–1050, 00–1071, 00–1074, 00–1077, 00–1083, 00–1087, 00–1088, 00–1096 to 00–1099, 00–1102, 00–1103, 00–1105 to 00–1110, 00–1113, 00–1114, 00–1119, 00–1122, 00–1123, 00–1125 and 00–1128.

United States Court of Appeals, District of Columbia Circuit.

March 7, 2003.

Before: GINSBURG, Chief Judge, SENTELLE, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

PER CURIAM.

### ORDER

Upon consideration of the motion for attorneys' fees, the response thereto, and the reply, it is

ORDERED that the motion be denied. A remand occasioned by an agency's failure to respond to comments is a purely procedural victory for the petitioner and is therefore insufficient to support an award of attorneys' fees under 42 U.S.C. § 7607(f). *See Sierra Club v. EPA,* 769 F.2d 796, 806 (D.C.Cir.1985). In the most similar case in which this court did award attorneys' fees, *Michigan v. EPA,* 254 F.3d 1087, 1091 (D.C.Cir.2001) (vacating EPA rule for want of notice and comment before promulgation), the Agency had to reopen the record or receive new comments on remand, thus creating a greater probability that it would alter the rule.

■

**APPALACHIAN POWER COMPANY, et al., Petitioners,**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

Commonwealth of Pennsylvania, Department of Environmental Protection, et al., Intervenors.

Nos. 99–1268, 99–1270, 99–1274, 99–1276, 99–1277, 99–1279 to 99–1281, 99–1286, 99–1287, 00–1169, 00–1187, 00–1189 to 00–1192 and 00–1194.

United States Court of Appeals, District of Columbia Circuit.

March 7, 2003.

Before: EDWARDS and SENTELLE, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

PER CURIAM.

### ORDER

Upon consideration of the motion for attorneys' fees, the response thereto, and the reply, it is

ORDERED that the motion be denied. A remand occasioned by an agency's failure to respond to comments is a purely procedural victory for the petitioner and is therefore insufficient to support an award of attorneys' fees under 42 U.S.C. § 7607(f). *See Sierra Club v. EPA,* 769 F.2d 796, 806 (D.C.Cir.1985). In the most similar case in which this court did award attorneys' fees, *Michigan v. EPA,* 254 F.3d 1087, 1091 (D.C.Cir.2001) (vacating EPA rule for want of notice and comment before promulgation), the Agency had to reopen the record or receive new comments on remand, thus creating a greater probability that it would alter the rule.

■

**McKESSON HBOC, INC., et al., Appellees,**

v.

**ISLAMIC REPUBLIC OF IRAN, Appellant.**

Financial Organization for the Expansion of Ownership of Productive Units, et al., Appellees.

Nos. 00–7157, 00–7263.

United States Court of Appeals, District of Columbia Circuit.

March 7, 2003.

BEFORE: EDWARDS, ROGERS, and TATEL, Circuit Judges.